PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 2002 Mercury Cougar struck a hole on Route 25 in Nitro, Kanawha County. Route 25 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 8:00 p.m. on March 1,2008. Route 25 is a two-lane, paved road with white edge lines and has a speed limit of forty-five miles per hour. Lisa Affolter (“Ms. Affolter”), the driver of the vehicle, testified that she was traveling at approximately forty miles per hour when claimant’s vehicle struck a hole in front of Twin City Bible Church. Ms. Affolter testified that since she knew there was a hole in this location, she normally would swerve into the other lane of traffic to avoid the hole. She explained that her vehicle struck a hole on this road on a separate occasion. Although she was aware of the hole, she testified that she could not avoid it on the day in question due to oncoming traffic. The hole was approximately two feet wide, four feet long, and one foot deep. As a result, the claimant’s vehicle sustained damage to its rim, and the tires needed to be balanced in the amount of $ 193.30.
The position of the respondent is that it did not have actual or constructive notice of the condition on Route 25. Charles Earl Smith, Highway Administrator for respondent in Kanawha County, testified that prior to this incident, the hole had been filled with cold mix during the winter and hot mix during the summer. Mr. Smith stated that the hole became a problem a couple of weeks prior to this incident. The respondent submitted a DOH 12, a record of the work crew’s daily activities, that indicates the hole was patched on March 3, 2008.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t. of Highways, 16 Ct. Cl. 103 (1986).
While the Court agrees with the position of the claimant that the respondent had, at the least, constructive notice of the hole which claimant’s vehicle struck and that the hole presented a hazard to the traveling public, the Court is also of the opinion that the claimant’s driver knew the roadway contained holes and nevertheless drove at a speed in excess of that which was prudent under the existing condition of the roadway. The *154 Court assigns forty percent (40%) of the responsibility for this loss to the claimant’s driver and awards the claimant sixty percent (60%) of her loss, or $115.98.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in the amount of $115.98.
Award of $115.98.